UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMY RICHARD HOWELL, as<br>Natural Tutrix of the minor children,<br>CAMERON JOSEPH KLIEBERT and<br>ABIGAIL JADE KLIEBERT | CIVIL ACTION<br><br>NO. 12-CV-293<br>c/w 12-CV-2448<br>*PERTAINS TO 12-CV-293* |
| VERSUS | JUDGE VANCE |
| AVANTE SERVICES, LLC, HILCORP<br>ENERGY COMPANY and<br>SPARROW OFFSHORE, LLC | MAGISTRATE ROBY |

## OPPOSITION OF HILCORP ENERGY COMPANY TO MOTION TO SEVER CROSS-CLAIM FILED BY AVANTE SERVICES, LLC

**MAY IT PLEASE THE COURT:**

Plaintiff-in-Cross-Claim, Hilcorp Energy Company ("Hilcorp"), respectfully requests that this Honorable Court deny Avante Services, LLC's Motion to Sever Hilcorp's Cross-Claim (Doc. #51) regarding Avante's breach of its contract with Hilcorp. At the time of the alleged incident in the underlying action, Avante was working for Hilcorp pursuant to a Master Service Contract, dated January 18, 2010 ("MSC"), wherein Avante agreed in Paragraph 17 that if Avante hired any subcontractor to perform work or furnish services under the MSC with Hilcorp, then Avante shall require the subcontractor to obtain insurance protection with coverage of the types and with the limits at a minimum equivalent to those set forth in MSC's Exhibit B.[1] Avante's corporate representative, Wesley Spincic, testified on January 15, 2013, that he signed the MSC with the authority of Avante and that Avante <u>breached</u> the MSC as Avante's subcontractor, John Bevans, did not have the requisite insurance coverages while

---

[1] Master Service Agreement between Hilcorp and Avante, attached hereto as Exhibit A.

working on Hilcorp's job site.[2] As such, Hilcorp would submit that the only remaining issues in Hilcorp's Cross-Claim can be determined as a matter of law contemporaneous with the issues before the fact finder in the primary claims by Plaintiff against Hilcorp and Avante. Hilcorp submits that the principle incident in this matter as alleged by Plaintiff arises out of the same occurrence as Hilcorp's breach of its contract with Avante, that Avante has been on notice of this potential claim since it was made a party in this matter at its initiation, Avante has had ample time to prepare any defense it may wish to assert and judicial economy dictates that this claim be addressed at the same time as the principle demand. Based on the foregoing, Hilcorp asks this Court to deny Avante's Motion to Sever.

### I.     **Facts and Procedural Background**

The underlying action arises out of a wrongful death and survival action. The plaintiffs in the underlying action allege that Phillip Kliebert sustained a fatal injury on or about April 18, 2011 while working as a roustabout on Hilcorp's Platform A in the West Cameron 643 block in the Gulf of Mexico on the Outer Continental Shelf.[3] At the time of Mr. Kliebert's injury, Avante was working for Hilcorp pursuant to a Master Service Contract, dated January 18, 2010 ("MSC"), wherein Avante agreed in Paragraph 17 to carry, at its own expense, insurance coverage of the types and limits at a minimum equivalent to those set forth in the MSC's Exhibit B.[4] Additionally, pursuant to Paragraph 17 of the MSC if Avante hired any subcontractor to perform work or furnish services under the MSC with Hilcorp, then Avante shall require the subcontractor to obtain insurance protection with coverage of the types and with the limits at a

---

[2] Deposition of Wesley Spincic, January 15, 2013, p. 67, lines 18-25, p. 68, line 1, p. 70, lines 13-25, p. 71, lines 1-8, attached hereto as Exhibit B.
[3] Plaintiff's Complaint, Rec. Doc. #1.
[4] Master Service Agreement between Hilcorp and Avante, attached hereto as Exhibit A; Hilcorp's Cross-Claim against Avante, Doc. #32.

minimum equivalent to those set forth in MSC's Exhibit B.[5] Avante's corporate representative Wesley Spincic signed the MSC for Avante, with Avante's full authority.[6] Mr. Spincic further agreed that Avante's obligations under the MSC included the foregoing insurance coverages.[7]

John Bevans, wellsite supervisor, was a subcontractor of Avante at all times pertinent.[8] John Bevans was working, pursuant to his consulting agreement with Avante, on Hilcorp's Platform A in the West Cameron 643 block in the Gulf of Mexico on the Outer Continental Shelf on the date of the underlying incident in question. Avante's principal, Mr. Spincic, testified that Avante's subcontractor John Bevans had no applicable insurance coverage in place at the time of the incident in question.[9] Mr. Spincic therefore agreed, under oath, that Avante breached the MSC with Hilcorp by failing to ensure its subcontractor Mr. Bevans was properly insured as agreed in the MSC.[10] When Avante first advised during this litigation that Mr. Bevans was its subcontractor and not an employee and further that Avante did not insure Mr. Bevans, Hilcorp filed a Cross-Claim against Avante for breach of contract and further to ensure that any and all damages incurred by Hilcorp relative to Avante's breach of contract would fall to Avante.[11] Therefore, Hilcorp submits that it is now undisputed that Avante breached the MSC, leaving only legal and contractual issues that this Court can resoluve contemporaneous with the issues before the fact finder in the primary claims by Plaintiff against Hilcorp and Avante

---

[5] *Id.*
[6] Deposition of Wesley Spincic, January 15, 2013, p. 67, lines 18-25, p. 68, line 1 attached hereto as Exhibit B.
[7] Deposition of Wesley Spincic, January 15, 2013, p. 69, lines 8-14, attached hereto as Exhibit B.
[8] Avante's Supplemental Answers to Interrogatories propounded by Plaintiff, dated December 26, 2012, Ans. No. 8; attached hereto as Exhibit C.
[9] Deposition of Wesley Spincic, January 15, 2013, p. 70, lines 13-25, p. 71, lines 1-8, attached hereto as Exhibit B.
[10] Deposition of Wesley Spincic, January 15, 2013, p. 70, lines 13-25, p. 71, lines 1-8, attached hereto as Exhibit B.
[11] Hilcorp's Cross-claim against Avante, Doc. #32.

## II.  Avante's admission to a breach of contract negates Avante's argument regarding "unnecessary" facts and/or legal theories delaying the instant case.

Avante's corporate representative Wesley Spincic agreed, under oath, that Avante breached the MSC with Hilcorp by failing to ensure its subcontractor Mr. Bevans was properly insured as agreed in the MSC.[12] Avante's admission of a breach of contract deflates its argument that the Cross-Claim and the underlying personal injury claim involve two different legal theories as there is now no dispute as to a breach of contract and no potential for confusion between two differing factual bases for the claims. Further, as outlined above the facts regarding the Cross-Claim are easily outlined and are related to and arising out of the facts regarding the underlying wrongful death claim.

Finally, the facts on the principal matter are intertwined with those involved in the Cross-Claim to the extent that Hilcorp's breach of contract claim results in damages to Hilcorp in the (albeit unlikely) event that Avante's subcontractor, wellsite supervisor John Bevans, is found to be Hilcorp's borrowed servant, which Hilcorp vehemently denies and which is not supported by the sworn testimony to date. Should such a finding occur, Hilcorp's immediate remedy arises from the breach of contract claim asserted in its Cross-Claim. At that juncture, the issues before the Court would be issues of law based only on the MSC as to Hilcorp's remedy, which the parties will have already briefed in pre-trial filings. Thus, severing Hilcorp's claim would instead result in the unfair situation where Hilcorp, instead of having the immediate remedy for breach of contract in front of this Court, would have to expend the time and expense of separately pursuing Avante after this case is concluded. Hilcorp submits that this does not promote the interests of judicial economy and further would be palpably unfair to Hilcorp given that Avante has already admitted that it breached the contract with Hilcorp.

---

[12] Deposition of Wesley Spincic, January 15, 2013, p. 70, lines 13-25, p. 71, lines 1-8, attached hereto as Exhibit B.

### III. Litigating the Cross-Claim will Not unduly prejudice Avante but would unduly prejudice Hilcorp.

Avante argues in its Motion to Sever that Avante will suffer "substantial prejudice" if the Cross-Claim is not severed because an incorrect impression that Avante has wronged multiple parties in this litigation may be raised. Hilcorp submits that this argument is relatively moot because Avante's corporate representative Wesley Spincic testified that Avante did, in fact, breach the MSC with Hilcorp.[13] Further, this matter will be tried not to a jury but to the bench and Hilcorp submits that removes any issue regarding a jury being prejudiced against Avante for "wronging" multiple parties.[14] Hilcorp submits that Your Honor will be adequately briefed on the legal issues involved in Hilcorp's claim and the outcome Hilcorp would seek on its Cross-Claim in the unlikely event that Avante's subcontractor, wellsite supervisor John Bevans, is found to be Hilcorp's borrowed servant. Again, at that juncture, the issues before the Court would be issues of law based only on the MSC as to Hilcorp's remedy, which legal issues should be disposed of by this Court contemporaneous with its findings on the principal claims of Plaintiff. On the other hand, Hilcorp's Cross-Claim against Avante has merit given Avante's admitted breach of its MSC with Hilcorp and Hilcorp would be greatly prejudiced by having to pursue the remedies sought in same within an entirely different lawsuit at further expense and delay. Hilcorp submits that the legal fees it would be forced to incur if the Motion to Sever is granted would be duplicative and further that a separate lawsuit would be judicially inefficient.

---

[13] Deposition of Wesley Spincic, January 15, 2013, p. 70, lines 13-25, p. 71, lines 1-8, attached hereto as Exhibit B.
[14] The parties have discussed waiving the jury and decided to do so however the appropriate motion has not yet been filed with the Court, but will be filed in the very near future.

## CONCLUSION

**WHEREFORE**, Hilcorp submits that severing Hilcorp's Cross-Claim against Avante would be prejudicial to Hilcorp, judicially inefficient and a waste of the resources of this Court and the parties, especially given Avante's admission under oath that Avante did in fact breach the Master Service Contract with Hilcorp. For all of the foregoing reasons, Hilcorp prays that Avante's Motion to Sever Cross-Claim (Doc. # 51) be denied.

Respectfully submitted:

**KEAN MILLER LLP**

s/Kelly S. Baughan
**CHARLES R. TALLEY (#12634)
KAREN WATERS SHIPMAN (#27320)
KELLY S. BAUGHAN (#28840)
ZOE WILDE VERMEULEN (#34804)**
909 Poydras Street, 14th Floor
New Orleans, LA 70112
Telephone: (504) 585-3050
Facsimile: (504) 585-3051

**Attorneys for Hilcorp Energy Company**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this the 22nd day of January, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to those who are non-CM/ECF participants.

s/Kelly S. Baughan
**KELLY S. BAUGHAN**