UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AMY RICHARD HOWELL                        CIVIL ACTION

VERSUS                                    NO: 12-293

AVANTE SERVICES, LLC, *ET AL*.            SECTION: R

<u>**ORDER AND REASONS**</u>

Plaintiff, Amy Howell, alleges that defendant, Avante Services, LLC (Avante), has violated a series of discovery rules and moves this Court to strike defendant's independent contractor defense.[1] For the following reasons, the Court DENIES plaintiff's motion to strike the defense, but ORDERS that the trial be continued.

Additionally, Avante appeals Magistrate Judge Roby's Order requiring Avante to pay for John Bevans's counsel for the duration of the litigation.[2] The Court GRANTS Avante's motion to modify Judge Roby's Order as set forth below.

**I. BACKGROUND**

Philip Kliebert tragically died on a fixed platform in the Gulf of Mexico. On the night of April 18, 2011, Kliebert was helping the platform's crew when he fell through a large whole in the deck grating. Kliebert died within hours of his fall.

---

[1]    R. Doc. 34.

[2]    R. Doc. 124.

Plaintiff brings this wrongful death action against Hilcorp Energy Company, Avante Services, LLC, and Sparrows Offshore, LLC.[3] Hilcorp entered into Master Service Contracts with Avante and Sparrows to perform various jobs on the platform. Under these contracts, Avante agreed to perform and supervise the plug and abandon operation and Sparrows agreed to provide crane operators and crane mechanic support.

The instant motion concerns John Bevans, the platform's supervisor. Avante argues that Bevans is an independent contractor and not its employee. Plaintiff alleges that Avante violated discovery rules by failing to timely disclose Bevans's contract. The following account details the parties' behavior during discovery.

### A. THE COMPLAINT AND ANSWER

In her complaint, plaintiff alleges Avante "negligently contracted with inexperienced and/or incompetent companies to perform the operation," "negligent[ly] suervis[ed] . . . the plug and abandon job," and failed to provide a safe workplace.[4] On February 27, 2012, Avante denied these allegations "for lack of sufficient information to justify a belief therein."[5] Avante's

---

[3]     Kliebert was employed by Alliance Oilfield Services, LLC.

[4]     R. Doc. 1 at 4.

[5]     R. Doc. 7 at 2.

2

answer asserted a defense that plaintiff's injuries were caused by "third parties for whom Avante is not legally responsible."[6]

## B.   AVANTE'S INITIAL AND REQUESTED DISCLOSURES

On April 23, 2012, Avante did not identify Bevans as a witness in its initial disclosures; instead, it listed "[a]ny fact or expert witness listed in another party's Initial Disclosures, or called by any other party to this litigation."[7] Nor did it produce any documents relating to Bevans's relationship with Avante.

On June 6, 2012, Avante informed plaintiff in response to a discovery request that "an independent contractor, John Bevans, was aboard the platform at the time of the incident identified in the Complaint. No Avante agents, officers and/or personnel, as those terms are understood, were aboard."[8] Avante did not amend its disclosures to include Bevans as a witness or to identify Bevans's contract, tax forms or other documents that would reflect a nonemployee relationship. Also on June 6, 2012, Avante did not disclose Bevans's contract in response to plaintiff's request for production.[9] Avante instructed plaintiff to "see the

---

[6]    *Id.* at 4.

[7]    R. Doc. 34-5 at 21.

[8]    *Id.* at 4.

[9]    Plaintiff's request for production asked Avante to "provide a copy of any and all contracts and/or agreements between the defendant and any and all other

3

Master Services Contract between Hillcorp [sic] and the defendant."[10]

## C. SPARROWS'S AND HILCORP'S DISCLOSURES

Both Sparrows and Hilcorp identified Bevans as a witness in their initial disclosures. On April 18, 2012, Sparrows listed Bevans as "John Bevans Avante Services,"[11] and on April 26, 2012 Hilcorp listed Bevans as "John Bevans-contract wellsite supervisor-Avante Services, LLC."[12] These disclosures imply that at least Sparrows viewed Bevans as an Avante employee.

On September 10, 2012 an attorney for Hilcorp, Kelly Baughan, contacted an attorney for Avante, Philip Watson. Baughan asked: "I believe John Bevans is an Avante employee. Please confirm and we will advise Kristi that we will produce a 30(b)(6) witness on behalf of Hilcorp."[13] Watson responded: "He's an independent contractor. I will speak with him about his

---

entities contracting for the work being performed on the platform . . . which agreements were in effect on the date of this accident including any 'turn key' provisions." R. Doc. 34-6 at 13.

[10]   *Id.*

[11]   R. Doc. 34-6 at 20.

[12]   *Id.* at 25.

[13]   R. Doc. 81-2 at 1.

availability for deposition."[14] Yet, Avante still did not disclose Bevans's contracts or tax forms.

### D. COUNSELS' DISCUSSIONS

Avante's counsel asserts that he first learned of Bevans's contract on December 3, 2012.[15] On December 5, 2012, Avante's counsel disclosed the consulting agreement between Avante and Bevans along with tax forms indicating that Avante paid him "nonemployee compensation" as opposed to employee compensation.[16] Counsel does not contend he was unaware that these tax forms ever existed.

On December 6, 2012, plaintiff's counsel, Kristi Post, called Avante's counsel, Philip Watson. According to Post's affidavit detailing their conversation, Watson informed her that Avante had considered but decided not to pursue the independent contractor defense. Further, Watson stated that the "only reason John Bevans was ever identified as an independent contractor by Avante in their discovery responses was to distinguish him from Hilcorp and Sparrows."[17] Post sent an email to Watson summarizing their discussion.[18]

---

[14]    *Id.*

[15]    R. Doc. 81-1.

[16]    R. Doc. 34-7.

[17]    R. Doc. 34-8 at 1-2.

[18]    *Id.* at 4.

On December 7, 2012, the day before Bevans's scheduled deposition, Watson emailed Post to inform her that "Avante has chosen to reserve all rights to further raise the independent contractor issue in this case."[19]

On December 13, 2012, Watson informed Bevans that he was not his lawyer. Bevans told Post that Avante had advised him shortly after the accident that he did not need to retain his own counsel.[20] Bevans also informed Post that before December 13, 2012, Watson contacted him on several occasions to coordinate his deposition and discuss the merits of the case. In these conversations Watson and Bevans would discuss depositions of other fact witnesses and Avante's responses to discovery requests.[21] Further, emails show that Watson helped schedule Bevans's deposition.[22]

### E. SUPPLEMENTAL RESPONSE BY AVANTE

On December 26, 2012, Avante added John Bevans to its witness list.[23]

---

[19]   *Id.* at 6.

[20]   R. Doc. 34-8 at 2-3.

[21]   *Id.*

[22]   R. Doc. 34-9 at 7-21.

[23]   R. Doc. 34-8 at 19.

## II.   MOTION FOR SANCTIONS

### A.   STANDARD

Federal Rule of Civil Procedure 26 requires that parties identify witnesses and disclose documents that they plan to rely on to support their defenses. Fed. R. Civ. P. 26(a)(1)(A)(I), Fed. R. Civ. P. 26(a)(1)(A)(ii). Rule 26 also requires parties to supplement their disclosures in a timely manner if they learn that their disclosures are incomplete or incorrect. Fed. R. Civ. P. 26(e)(1)(A). Rule 26(g) imposes a duty on attorneys to sign every discovery request and certify, to the best of the attorney's knowledge information and belief formed after a reasonable inquiry, that the disclosure is complete and correct as of the time it is made. Fed. R. Civ. P. 26(g)(1). The duty under Rule 26(g) is similar to the duty under Rule 11 to make a reasonable inquiry into the factual basis of a response. Fed R. Civ. P. 11(b).

Rule 26(g) provides that if an attorney's certification violates this rule without substantial justification the Court must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. Fed. R. Civ. P. 26(g)(3).

Rule 37(c)(1) provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness

to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). District courts determine whether a violation of Rule 26 is harmless by considering four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose. *Texas A&M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

## B. DISCUSSION

Avante entered the contract with Bevans on August 24, 2010, which was before the accident and before the complaint was filed charging Avante with negligence. Bevans was the supervisor on the platform and obviously would feature prominently in plaintiff's allegation that Avante negligently supervised the work on the platform. Avante failed to identify him as a potential witness in the case in its voluntary disclosures and failed to produce documents relating to his relationship with Avante. On June 6, 2012, in response to a discovery request, Avante identified Bevans as an independent contractor, which status would provide a defense to liability, but still failed to identify Bevans's contract or other documents supporting that relationship, and failed to identify him as a witness. Bevans's testimony was

8

necessary to support Avante's legal theory that Bevans was an
independent contractor. Rule 26 obligated Avante to supplement
its voluntary disclosures, list Bevans as a witness, and disclose
the documents it would rely on to classify him as an independent
contractor. Yet, Avante's voluntary disclosures never identified
any of its own fact witnesses by name except for investigators,
nor did it disclose any company documents that would support its
defenses at trial.

Counsel for Avante has stated that he received the
consulting agreement for the first time on December 3, 2012.[24]
Accordingly, he argues that Avante has not violated any discovery
rule by failing to produce the document on June 6, 2012. The
Court is unpersuaded. When Avante's counsel identified Bevans as
an independent contractor on June 6, 2012, counsel had a duty to
certify that to the best of the his knowledge, information, and
belief formed after a reasonable inquiry, that the disclosure was
complete and correct as of the time it is made. Fed. R. Civ. P.
26(g)(1). Accordingly, counsel had a duty to make an inquiry into
the factual basis supporting Bevans's status as an independent
contractor. Avante's counsel argues that Avante does not have a
legal department and did not have an understanding of the legal
implications of Bevans's contract until December 3, 2012.[25] But

_____

[24]    R. Doc. 81-1 at 1.

[25]    R. Doc. 81 at 6.

9

someone concluded on June 6, 2012, that Bevans was an indepdent *contractor* which implies the existence of a *contract*. Defense counsel also notes that the document would reveal nothing more than its June 6, 2012, disclosure identifying Bevans as an independent contractor. Bevans's contract terms and tax forms are clearly significant in determining his legal status. Counsel should have at least identified and disclosed Bevans's tax information at the time counsel identified him as an independent contractor, as it was apparent that this status was a potential defense to plaintiff's claim.

Counsels' behavior has created a number of hurdles for this case. First, Bevans's role has materially changed. Bevans is now a potential defendant and plaintiff might file suit against him. Second, according to Avante, Bevans was unrepresented throughout this litigation. As a result, if Bevans is added as a party, these depositions might have to be repeated with Bevans's counsel present. Third, Avante's counsel might be conflicted out of representing Avante. Fourth, as discussed in Judge Roby's Order, plaintiff has been unable to depose Bevans. Fifth, Avante's actions have created more litigation. Bevans did not have his own insurance and because any subcontractor that Avante hired was required to be insured, Hilcorp has now filed a crossclaim against Avante for breach of contract.

Plaintiff has been greatly prejudiced by Avante's actions in this case. Striking Avante's defense, however, would fundamentally alter the dispute. A continuance of the trial is appropriate because it would cure any prejudice to the plaintiff while allowing the case to be tried on its merits. *Texas A&M Research Foundation*, 338 F.3d 394 at 402. A continuance would give plaintiffs time to depose Bevans and decide whether to file a claim against him. Accordingly, the Court will not strike the defense, and the Court Orders that trial in this case be continued.

It is worth noting that Avante's counsels' actions raise serious ethical concerns. The first time Avante's lawyers informed Bevans that he should seek independent counsel was on December 13, 2012. Before then, Bevans was under the impression that Avante was representing him. Throughout this litigation Bevans has been aiding Avante's lawyers in a case potentially against himself. The Louisiana Rules of Professional Conduct provide:

> In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in a matter, the lawyer shall make reasonable efforts to correct the misunderstanding. The lawyer shall not give legal advice to an unrepresented person, other than the advice to secure counsel, if the lawyer knows or reasonably should know that the interests of such a person are or have a reasonable possibility of being in conflict with the interests of the client.

11

La. R. Prof'l Conduct 4.3. Here, Avante's counsel was under an obligation to inform Bevans that they were representing Avante and that he should obtain counsel. It was clear that Bevans believed he was represented by Avante and Avante should have made efforts to correct that misunderstanding because Avante's and Bevans's interests are in conflict.

    **C.   CONCLUSION**

Accordingly, trial is continued in this case. The parties shall hold a scheduling conference to reset the trial date.


**IV.   APPEAL OF JUDGE ROBY'S ORDER**

Sparrows moved to compel Avante to produce John Bevans for deposition based on the same facts as Howell's motion for sanctions.[26] Judge Roby issued an Order on February 1, 2013, authorizing Bevans to employ counsel for the duration of the matter at Avante's expense, ordering Bevans's deposition to take place no later than February 13, 2013, and ordering counsel for Bevans to submit his bill for reasonable fees directly to Avante.[27] On February 5, 2013, this Court modified Judge Roby's order to the extent it required Bevans's to deposed by February

---

[26]    R. Doc. 96.

[27]    R. Doc. 124.

13, 2013.[28] Avante now appeals Judge Roby's Order that it pay for Bevans's counsel through the remainder of this litigation.[29]

### A. STANDARD

Federal law affords a magistrate judge broad discretion in the resolution of non-dispositive discovery disputes. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). If a party is dissatisfied with a magistrate judge's ruling, it may appeal to the district judge, who may reconsider the ruling and reverse it "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*; Fed. R. Civ. P. 72(a); *see also Castillo v. Frank,* 70 F.3d 382, 385 (5th Cir. 1995). A finding is clearly erroneous when a reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Stevens,* 487 F.3d 232, 240 (5th Cir. 2007) (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)).

### B. DISCUSSION

Judge Roby ordered Avante to pay for Bevans's counsel for the remainder of the litigation under Federal Rule of Civil Procedure 30(d)(2). Rule 30(d)(2) provides that the court "may impose an appropriate sanction-including the reasonable expenses and attorney's fees incurred by any party-on a person who

---

[28]    R. Doc. 157.

[29]    R. Doc. 163.

13

impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). Avante argues that Judge Roby's sanction is outside of the scope of Rule 30(d)(2).

The meaning of "appropriate sanction" in Rule 30(d)(2) has been broadly interpreted as "[t]he full scope of sanctions available under Rule 30(d)(2) is not expressly described in the text of the rule." *Glick v. Molloy*, No. CV 11-168-M-DWM-JCL, 2013 WL 140100, at *2 (D. Mont. Jan. 10, 2013). Avante concedes that "Rule 30(d)(2) permits the imposition of a sanction even for actions that occur while not in the deposition itself."[30] *See Lammle v. Ball Aerospace & Techs. Corp.*, No. 11-cv-03248-MSK-MJW, 2013 WL 179200, at *2 (D. Colo. Jan. 17, 2013) (sanctions warranted under Rule 30(d)(2) where plaintiff did not appear at a deposition and failed to timely advise defendant that he would not appear). Here Avante's actions impeded the deposition of Bevans: "By the time Avante moved for summary judgment on the strength of the Consulting Agreement they had never seen until shortly before the deposition, only a week remained before the . . . discovery deadline. Bevans'[s] response to these developments has been to retreat to his deer camp, and refuse to accept service."[31] Avante's 11th hour change of course has forced Bevans to incur the costs of representing himself at his deposition.

---

[30]    R. Doc. 163-1 at 7.

[31]    R. Doc. 124 at 14.

14

Accordingly, Judge Roby was correct to impose an "appropriate sanction" on Avante. Fed. R. Civ. P. 30(d)(2).

As to the extent of this sanction, Judge Roby's Order was made before this Court continued the trial on February 5, 2013. At the time of Judge Roby's Order, trial was weeks away. Now that trial has been continued, the costs of this sanction are much greater than those contemplated by Judge Roby. The appropriate sanction is to hold Avante responsible for paying Bevans's attorney's fees associated with preparing Bevans for and defending him against the deposition. Accordingly, Judge Roby's Order is modified, and Avante is ordered to pay Bevans's attorney's fees associated with preparing him for and defending against the deposition.

## V. CONCLUSION

Accordingly, the Court DENIES plaintiff's motion to strike the defense, but ORDERS that the trial be continued. The Court GRANTS Avante's motion to modify Judge Roby's Order to require Avante to pay only for Bevans's attorney's fees associated with preparing Bevans for and defending him against the deposition.


New Orleans, Louisiana, this 6th day of March, 2013.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE