```
              UNITED STATES DISTRICT COURT

              EASTERN DISTRICT OF LOUISIANA


AMY RICHARD HOWELL                        CIVIL ACTION

VERSUS                                    NO: 12-293

AVANTE SERVICES, LLC, ET AL.              SECTION: R
```

## ORDER AND REASONS

Defendant, Avante Services, LLC ("Avante") moves to exclude the testimony of plaintiff's experts, Robert Borison and Dr. Randolph Rice.[1] Hilcorp Energy Company ("Hilcorp") joins both of Avante's motions.[2] For the following reasons, Defendants' motion to exclude a portion of Borison's expert report is GRANTED, and defendants' motion to exclude Dr. Rice's report is DENIED in part and DEFERRED in part.

## I.   BACKGROUND

Philip Kliebert died tragically in the early hours of April 18, 2011. Kliebert was working on the West Cameron 643-A platform ("platform") in the Gulf of Mexico when he fell through a large whole in the deck grating. He died within hours of his fall.

---

[1]    R. Docs. 54, 56.

[2]    R. Docs. 61, 62.

Plaintiff brings this wrongful death action against Hilcorp, Avante, and Sparrows Offshore, LLC.[3] Hilcorp entered into Master Service Contracts with Avante and Sparrows to perform various jobs on the platform. Under these contracts, Avante agreed to perform and supervise the plug and abandon operation and Sparrows agreed to provide crane operators and crane mechanic support.

Avante and Hilcorp move to exclude the testimony of two of plaintiff's experts under Federal Rule of Evidence 702.

## II. ADMISSIBILITY OF EXPERT TESTIMONY

Federal Rule of Evidence 702, which governs the admissibility of expert witness testimony, provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;(b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. A district court has considerable discretion to admit or exclude expert testimony under the Federal Rules of Evidence. *See General Elec. Co. v. Joiner,* 522 U.S. 136, 138–39 (1997); *Seatrax, Inc. v. Sonbeck Int'l, Inc.,* 200 F.3d 358, 371 (5th Cir. 2000).

---

[3] Kliebert was employed by Alliance Oilfield Services, LLC.

In *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579 (1993), the Supreme Court held that Rule 702 requires the district court to act as a gatekeeper to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Id.* at 589; *see also Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147 (1999) (clarifying that the *Daubert* gatekeeping function applies to all forms of expert testimony). The Court's gatekeeping function thus involves a two-part inquiry into reliability and relevance. First, the Court must determine whether the proffered expert testimony is reliable. The party offering the testimony bears the burden of establishing its reliability by a preponderance of the evidence. *See Moore v. Ashland Chem. Inc.,* 151 F.3d 269, 276 (5th Cir. 1998). The reliability inquiry requires the Court to assess whether the reasoning or methodology underlying the expert's testimony is valid. *See Daubert,* 509 U.S. at 593. The aim is to exclude expert testimony based merely on subjective belief or unsupported speculation. *See id.* at 590. Second, the Court must determine whether the expert's reasoning or methodology is relevant in that it "fits" the facts of the case and will thereby assist the trier of fact to understand the evidence. *See id.* at 591.

## III. DISCUSSION

Defendants move to exclude a portion of Robert Borison's expert report and the entirety of Dr. Rice's expert report.

**A.     ROBERT BORISON**

Borison's expert report outlines the factors he believes were contributing causes of Kliebert's accident. Borison opines that one contributing cause was Avante's and Hilcorp's "vetting" of the platform's supervisor, John Bevans.[4] Borison based this opinion on Glen Taylor's testimony. Taylor testified: (1) that Hilcorp "had input into hiring Mr. Bevans through Mr. Gary Pierce and the authority to reject him"; (2) that Hilcorp hired Avante to manage the project; (3) that Bevans was expected to enforce Hilcorp's safety rules; and (4) that the company man is Hilcorp's eyes and ears on the platform and is responsible to make sure everyone is working in a safe environment.[5] This testimony provides no support for Borison's opinion that defendants' vetting process was a contributing cause of the accident. The testimony that Hilcorp had input in the hiring decision and the authority to reject Bevans's application does not suggest any flaws with the process nor any connection between the vetting process and the accident. This portion of Borrison's opinion is pure speculation and must be excluded. *See* Fed. R. Evid. 702(b) (requiring that expert testimony be "based on sufficient facts or data"); *Daubert*, 509 U.S. at 590 ("proposed testimony must be

---

[4]     R. Doc. 54-2 at 7.

[5]     *Id.*

supported by appropriate validation- *i.e.*, 'good grounds,' based on what is known").

Plaintiff argues that Borison will gain grounds for his opinion after Bevans's deposition. But the benefit of Borison's testimony, as plaintiff notes, is that "Borison can offer specific testimony from a safety perspective as to why the vetting process is essential."[6] This aspect of Borison's opinion would not require any testimony from Mr. Bevans. Instead, it requires some evidence outlining the defendants' vetting process so that Borison can assess its quality. In short, Borrison is not applying his expertise to any facts in this case. Accordingly, this portion of Borison's report is excluded.

**B.    DR. RICE**

Defendants argue that Dr. Rice's estimate of plaintiff's economic damages is unreliable and should be excluded because (1) Dr. Rice's calculation of lost earnings was based on plaintiff's counsel's calculation of Kliebert's annual wage and (2) Dr. Rice's calculation of Kliebert's personal consumption was based only on plaintiff's counsel's "narrative."

**1.    Lost Earnings**

Dr. Rice's opinion notes that "[plaintiff's counsel's] earlier correspondence . . . advised" him that Kliebert's annual

---

[6]    R. Doc. 71 at 6.

5

wage was "$80,764.83, average weekly wage of $1,553.17."[7] Plaintiff's counsel, in opposition to this motion, attaches Kliebert's tax forms showing his annual earnings. Defendants do not object to these forms or to plaintiff's counsel's calculation, but instead argue that it was insufficient for Dr. Rice to rely on plaintiff's counsel's summary of Kliebert's annual wage. That Dr. Rice relied on counsel's simple-and apparently undisputed-calculation of Kliebert's wage base does not render his opinion wholly unreliable. Instead, defendants objections can be addressed on cross-examination. *See Suzlon Wind Energy Corp. v. Shippers Stevedoring Co.*, 662 F. Supp. 2d 623, 667 (S.D. Tex. 2009) (noting that arguing that an expert did not review "sufficient facts and data goes to the weight of his opinion, to be brought out in cross-examination and resolved by the jury, not to admissibility"). Accordingly, Dr. Rice's opinions on Kliebert's loss of past earnings and loss of future earnings are admissible.

2.  **Personal Consumption**

Defendants also criticize Dr. Rice's assumption regarding Kliebert's personal consumption. Before ruling on this issue, the Court gives plaintiff 21 days to submit a full report from Dr. Rice in which he more fully explains his assumption of equal sharing amongst the parties. Dr Rice's self-described "summary"

---

[7] R. Doc. 56-2 at 1.

is insufficient. In his submission, Dr. Rice shall identify the facts and any published data that he relies on in making his assumptions and calculations. Defendants will have 14 days after the report is submitted to file objections.

**IV.  CONCLUSION**

Defendants' motion to exclude a portion of Mr. Borison's expert report is GRANTED, and their motion to exclude Dr. Rice's report is DENIED in part and DEFERRED in part.

New Orleans, Louisiana, this 7th day of March, 2013.

*Sarah Vance*

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE