UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

AMY RICHARD HOWELL                               CIVIL ACTION

VERSUS                                           NO: 12-293

AVANTE SERVICES, LLC, *ET AL.*                   SECTION: R

**ORDER AND REASONS**

    Avante Services, LLC moves to sever Hilcorp Energy Company's cross-claim for breach of contract.[1] For the following reasons, Avante's motion is DENIED.

**I.    BACKGROUND**

    Philip Kliebert died tragically in the early hours of April 18, 2011. Kliebert was working on the West Cameron 643-A platform ("platform") in the Gulf of Mexico when he fell through a large whole in the deck grating. He died within hours of his fall.

    Plaintiff, Amy Howell, filed a wrongful death action against Hilcorp, Avante, and Sparrows Offshore, LLC.[2] Hilcorp entered into Master Service Contracts ("MSC") with Avante and Sparrows to perform various jobs on the platform. Under these contracts, Avante agreed to perform and supervise the plug and abandon operation, and Sparrows agreed to provide crane operators and crane mechanical support.

---

[1] R. Doc. 51.

[2] Kliebert was employed by Alliance Oilfield Services, LLC.

Under the MSC, Avante further agreed to require all of its subcontractors to obtain insurance protection.[3] Avante claims it hired an independent contractor, John Bevans, to act as "the Company Man" aboard the platform.[4] Hilcorp filed this cross-claim against Avante alleging that Avante breached the MSC because Avante did not require Bevans to obtain insurance protection.

Avante asks this court to sever Hilcorp's cross-claim from the underlying wrongful-death suit.[5] It argues that severing the cross-claim from the main demand promotes efficiency and will prevent prejudice to Avante.

## II. STANDARD FOR SEVERANCE OR SEPARATE TRIALS

Under Rule 42(b), a separate trial may be ordered "[f]or convenience, to avoid prejudice, or to expedite and economize . . . ." Fed. R. Civ. P. 42(b). Separate trials, however, are the exception, not the rule. *See McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993) ("Separation of issues, however, is not the usual course that should be followed."); *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 114-15 (E.D. La. 1992) ("[C]ourts should not order separate trials 'unless such a disposition is clearly necessary.'") (citation omitted). Moreover, the Fifth Circuit has cautioned district

---

[3] R. Doc. 51-2 at 9.

[4] R. Doc. 51-1 at 2.

[5] R. Doc. 51-1.

courts that the "issue to be tried [separately] must be so distinct and separable from the others that a trial of it alone may be had without injustice." *Swofford v. B & W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964) (citing *Gasoline Prods. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 499-500 (1931)).

Avante argues that Federal Rule of Civil Procedure 21 also governs its motion. Rule 21 is titled "Misjoinder and Nonjoinder of Parties," and provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Avante does not argue that Hilcorp has misjoined parties, but notes that the rule has been applied outside of the context of misjoinder.

The Fifth Circuit has stated that "motions for severance and motions for separate trial are distinct and preferably should be treated as such." *McDaniel*, 987 F.2d at 304. The distinction between the two rules is that "[s]eparate trials of claims originally sued upon together usually will result in the entry of one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently." 9A Charles Allen Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 2387 (3d ed. 2012). Avante recognizes that the "same factors that warrant separate trials under Rule 42 warrant severance under

3

Rule 21."[6] *See Xavier v. Belfor Group USA, Inc.*, No. 06-491, 06-7804, 2008 WL 4862549, at *3 (E.D. La. Sept. 23, 2008) (noting that courts consider whether the claims arose out of the same transaction or occurrence, whether the claims present common questions of law or fact, whether settlement or judicial economy would be promoted, whether prejudice would be averted by severance, and whether different witnesses and documentary proof are required). As explained below, Avante's motion fails under either Rule 42 or Rule 21.

### III. DISCUSSION

Hilcorp's cross-claim against Avante is not separate and distinct from the underlying wrongful-death suit. Bevans's role on the platform figures prominently in both the cross-claim and the underlying wrongful-death action. A threshold issue for both claims is whether Bevans was an independent contractor or an Avante employee. In the underlying suit, Bevans's legal status is a necessary determination before Avante can be held liable for his acts or omissions. In the cross-claim, Bevans's legal status determines whether Avante breached the MSC. The same evidence and witnesses will be presented to decide this threshold question in both the cross-claim and the underlying action. Accordingly, severing the cross-claim or holding separate trials would not promote judicial efficiency. *See Corken v. Hammond City*, NO. 11-

---

[6] R. Doc. 51-1 at 3-4.

1828, 2012 WL 2597561, at *3 (E.D. La. July 5, 2012) (denying severance when "much of the evidence and witness testimony will overlap"); *Crompton Greaves, Ltd. v. Shippers Stevedoring Co.*, 776 F. Supp. 2d 375, 401-402 (S.D. Tex. 2011) (denying a motion for separate trial when the two claims would "involve many of the same witnesses").

Further, deciding Avante's breach of contract claim at the same trial as the underlying wrongful-death action will not prejudice Avante. The issues presented by the cross-claim are not complex and will not confuse the jury. There is no reason to suspect that Avante will be prejudiced by considering the breach of contract claim along with the underlying suit. Accordingly, neither severance nor separate trials are appropriate.

IV. CONCLUSION

Avante's motion to sever Hilcorp's cross-claim is DENIED.

New Orleans, Louisiana, this 8th day of April, 2013.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE