```
                   UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF LOUISIANA


AMY RICHARD HOWELL                              CIVIL ACTION

VERSUS                                          NO: 12-293

AVANTE SERVICES, LLC, ET AL.                    SECTION: R
```

**ORDER AND REASONS**

Before the Court is defendants' motion to strike their jury demand.[1] For the following reasons, defendants' motion is DENIED.

**I. BACKGROUND**

Philip Kliebert died on April 18, 2011, after he fell through a large hole in the deck grating on Hilcorp's West Cameron 643-A platform ("platform"). Amy Richard Howell, Natural Tutrix of Kliebert's minor children, filed a wrongful death and survival action against Hilcorp, Avante, Alliance, and Sparrows.[2]

The accident that caused Kliebert's death occurred around 3:15 a.m. The accident was described as follows:

> [T]he Sparrows crane operator was lifting a swivel stand to move it from the working hole in order to facilitate positioning of the casing jacks over the hole to remove the casing. When the Sparrows crane

---

[1] R. Doc. 121.

[2] R. Doc. 1.

> operator commenced the lift, the load swung away from Phillip Kliebert causing him to fall forward into the open hole in the deck crated by the removal of the swivel stand.[3]

At the outset of the case defendants Avante Services, LLC and Sparrows Offshore, LLC, requested a jury trial.[4] On January 30, 2013, both defendants moved to strike their previous jury demand.[5] On May 6, 2013, Sparrows submitted to the Court that the motion to strike the jury demand was unopposed by all parties in this case.[6] After the parties failed to reach a settlement agreement in a conference held on May 14, 2013, plaintiff withdrew her consent to defendants' motion to strike the jury demand. Plaintiff now argues that documents disclosed by Hilcorp Energy Company on May 13, 2013, make this case suitable for a jury. This "recently discovered evidence has convinced Plaintiff that a full blown jury trial as to all issues, and not a streamlined version of trial largely by deposition, should be undertaken in this matter."[7] Defendants have offered no response to plaintiff's argument that a jury trial is appropriate.

---

[3] R. Doc. 1.

[4] R. Docs. 7, 9.

[5] R. Doc. 121.

[6] R. Doc. 268.

[7] R. Doc. 273.

**II. DISCUSSION**

Because "OSCLA requires that Louisiana law govern Plaintiff['s] negligence suit, Plaintiff[] [is] entitled to a jury trial." *Dozier v. Rowan Drilling Co., Inc.*, 397 F. Supp. 2d 837, 855 (S.D. Tex. 2005) (citing *Debellefeuille v. Vastar Offshore, Inc.*, 139 F. Supp. 2d 821, 824 (S.D. Tex. 2001)). Other than arguing that a bench trial will be more efficient, defendants offer no reason to strike their jury demand. In light of plaintiff's request for a jury, the Court finds that a jury trial is appropriate in this matter.

**III. CONCLUSION**

Defendants' motion to strike their jury demand is DENIED. Trial in this matter will take place before a jury.

New Orleans, Louisiana, this 28th day of May, 2013.

*Sarah Vance*
_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE